IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SABRINA D. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  3:14-cv-878-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.    INTRODUCTION

Sabrina D. Dean ("Plaintiff") filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq*, on March 21, 2011.  Her application was denied at the initial administrative level.   Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").   Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date of February 7, 2011, through June 30, 2011, the date Plaintiff last met the insured status requirements of the Act.  Plaintiff appealed to the Appeals Council, which rejected her request for review of the ALJ's decision.   The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]   *See Chester v. Bowen*, 792 F.2d

---

[1]    Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services

129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. §

405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

proceedings and entry of a final judgment by the undersigned United States Magistrate

Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10).

Based on the court's review of the record and the briefs of the parties, the court

REVERSES the decision of the Commissioner and REMANDS the matter for further

proceedings.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is

unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to
> result in death or which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific

---

with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2]    A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities that are demonstrable by medically acceptable clinical and
laboratory diagnostic techniques.

impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?
An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC").  *Id*. at 1238-39.  The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence.  *Id*.  It may contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical

---

[3]    *McDaniel* is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

Vocational Guidelines[4] ("grids") or call a vocational expert ("VE").  *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id.*

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.   . . .  No

---

[4]  *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

4

similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff, who was thirty-three years old at the time of the hearing before the ALJ, has a limited education.  Tr. 34.  Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of February 7, 2011 through her date last insured of June 30, 2011[.]"  Tr. 31.  At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments:   "fibromyalgia; history of femoral torsion; and obesity[.]"  *Id.*  At Step Three, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments[.]"  Tr. 32.  Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]hrough the date last insured, [Plaintiff] had the residual functional capacity to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following exceptions noted herein.  [Plaintiff] can occasionally lift and/or carry ten pounds and can frequently lift and/or carry less than ten pounds.  [Plaintiff] can stand and/or walk for two hours in an eight-hour workday and sit for six hours in an eight-hour workday. [Plaintiff] can frequently push and/or pull with both lower extremities. [Plaintiff] can frequently balance.   [Plaintiff] can occasionally stoop, crouch, and climb ramps or stairs.  [Plaintiff] should never crawl, kneel, or climb ladders, ropes, or scaffolds.  [Plaintiff] should avoid concentrated exposure to wetness, humidity, vibration, fumes, odors, dusts, gases, poor

ventilation, and extreme cold and heat.   [Plaintiff] should avoid all
exposure to unprotected heights and hazardous machinery.

Tr. 34.  Based upon the VE's testimony at the hearing, the ALJ concluded at Step Four

that Plaintiff could perform her past relevant work as a bookkeeper (sedentary & skilled)

and service clerk/customer service representative (sedentary & semi-skilled).   Tr. 39.

Accordingly, the ALJ determined that Plaintiff "was not under a disability, as defined in

the Social Security Act, at any time from February 7, 2011, through June 30, 2011, the

date last insured[.]"  Tr. 40.

## IV.   PLAINTIFF'S CLAIMS

The issue Plaintiff presents for this court's consideration in review of the ALJ's

decision is whether "the ALJ erred by failing to provide [an] adequate rationale [for

discrediting] the medical opinions of record expressed by treating and examining sources

that support a disability finding."  Pl.'s Br. (Doc. 12) at 3.

## V.   DISCUSSION

Plaintiff argues that "the ALJ erred by failing to provide [an] adequate rationale"

for discounting the medical opinions of record "that support a disability finding."  Pl.'s

Br. (Doc. 12) at 3.  Plaintiff's argument centers on the ALJ's decision to discount the

opinions of Dr. Sunil Sharma, M.D., Plaintiff's treating physician, and Dr. Alphonza

Vester, M.D., an agency examining physician.   Plaintiff alleges that both of these

"physicians agree that [Plaintiff]'s medically determinable impairments prevented her

from maintaining occupational postures (sitting, standing, and walking) throughout an

eight-hour workday," and that "[the VE] at [Plaintiff]'s hearing testified that the medical opinions expressed by Drs. Vester and Sharma *prevented* the performance of substantial gainful activity." *Id.* at 3 (internal citations omitted).  Plaintiff argues the ALJ erred by "fail[ing] to explain how Dr. Sharma's opinions are not consistent with the available evidence of record or what specifically [the ALJ] finds inconsistent" and for "fail[ing] to explain how Dr. Vester's opinions were only 'partially' consistent with the overall objective findings or what objective findings his opinions conflicted with in a partial manner." Pl.'s Br. (Doc. 12) at 7-8.

"[An] ALJ must state with particularity the weight given to different medical opinions **and the reasons therefor**." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)) (emphasis added).  "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).  "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,'" the court will remand even if "'some rationale might have supported the ALJ's conclusion.'"  *Winschel*, 631 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).  Even when "[i]t is possible that the ALJ considered and rejected" all medical opinions, "**without clearly articulated grounds for such a rejection**, [the court] cannot determine whether the

ALJ's conclusions were rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (emphasis added).

Here, the ALJ addressed the weight assigned to the medical opinions of Drs. Sharma and Vester as follows:

> The medical opinion of Dr. Sharma (Ex.15F) is given limited weight because it is inconsistent with available evidence of record. . . .

> The assessment of the consultative examiner, Alphonza Vester, M.D (Ex. 10F) is partially consistent with the overall objective evidence and is therefore given significant weight to the extent it is consistent with the [RFC] stated herein.

Tr. 39.   While this does "state with particularity the weight given to [the] different medical opinions" in the record, it does not adequately state "the reasons therefor." *Winschel*, 631 F.3d at 1179.  The only "reason" provided by the ALJ is that the opinions of Drs. Sharma and Vester are not wholly consistent with the evidence of record.  Tr. 39. The ALJ fails to identify any particular evidence of record that is specifically inconsistent with those opinions.[5]

---

[5] A review of the record as a whole reflects inconsistencies between the opinions of Drs. Sharma and Vester (which were substantially similar to each other regarding Plaintiff's ability to maintaining occupational postures such as sitting, standing, and walking throughout an eight-hour workday, *compare* Tr. 361 *with* Tr. 322), and the opinion of Dr. Robert H. Heilpern, M.D., the medical consultant.  Dr. Heilpern was of the opinion that Plaintiff was capable of sitting for six hours in an eight-hour workday and standing or walking for six hours in an eight-hour workday.  The ALJ gave Dr. Heilpern's opinion "significant weight because [it is] generally consistent with the overall objective evidence." Tr. 39, 296.  However, to the extent that the ALJ may have relied on the non-examining physician's opinion to discredit the opinion of Dr. Sharma, the court observes that "[t]he opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician." *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005).

This is of particular concern with Dr. Sharma's opinion, as Dr. Sharma is Plaintiff's treating physician. "Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Winschel*, 631 F.3d at 1179 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause exists 'when the (1) treating physician opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). However, a blanket statement that a medical opinion is inconsistent with the evidence of record is too conclusory to establish the requisite good cause articulated in *Winschel*. *See Barreto v. Comm'r of Soc. Sec.*, No. 6:10-CV-1952-ORL-GJK, 2012 WL 882520, at *4 (M.D. Fla. Mar. 15, 2012) (finding an ALJ's explanation that a medical opinion "is 'without substantial support from the other evidence of record'" is too conclusory to demonstrate good cause); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07CV932-ORL-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("[T]he ALJ did not explicitly support his conclusion that [the treating physician]'s opinion was inconsistent with the medical evidence, and no [legally valid] implicit support is apparent"); *Poplardo v. Astrue*, No. 3:06-CV-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (instructing that, to establish good cause on remand, "the ALJ should identify any evidence [the ALJ] feels is inconsistent with [the treating physician]'s opinion").

Accordingly, the ALJ has not sufficiently stated the reasons for finding the opinions of Drs. Sharma and Vester to be inconsistent with the evidence of record, and, under the instruction of the Eleventh Circuit in *Winschel*, the court cannot affirm.   631 F.3d at 1179.   This matter is due to be remanded so that the ALJ can "state with particularity the weight given to the medical opinions and the reasons therefor."   *Id.*

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this matter is remanded back to the Commissioner.   A separate judgment will issue.

Done this 29th day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE